IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                              Criminal Action No. 3:08CR331

RODNEY O'NEAL CLARK

## MEMORANDUM OPINION

Rodney O'Neal Clark, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion" (ECF No. 41)). Clark asserts relief upon the following grounds:

| | |
|---|---|
| Claim One | "Counsel misconstrued the law and provided faulty advice regarding Mr. Clark's potential sentencing exposure in advising that Clark reject a plea agreement offered by the prosecution." (§ 2255 Mot. 5.)[1] |
| Claim Two | At sentencing, counsel failed to call Benita Brown and Edgar Young to support Clark's position as to the amount of drugs distributed. |
| Claim Three | At the plea hearing, the prosecutor falsely stated that Clark would be sentenced as a career offender.[2] |

The Government contends that Clark's claims lack merit. Clark has responded.[3]

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] Clark raised this Claim in Motions to Amend his § 2255 Motion. (ECF Nos. 46, 47.) The Motions to Amend will be granted.

## I. PROCEDURAL HISTORY

A grand jury charged Clark with conspiracy to distribute more than fifty (50) grams of cocaine base (Count One) and possession with the intent to distribute more than five grams of cocaine base (Count Two). (Indictment 1-2.) On November 17, 2008, Clark entered into a plea agreement with the Government. Clark agreed to plead guilty to Count Two of the Indictment. (Plea Agreement ¶ 1.) The parties, however, disagreed as to the amount of drugs that should be attributed to Clark for sentencing purposes. (Nov. 17, 2008 Tr. 3-4.) Specifically, the prosecutor stated:

> The defendant through his counsel disagrees with the actual quantity. Both the defense counsel and I are of the opinion that as his record stands right now he appears to be a career offender, so the drug weight will not make a difference. But in the event there is something else that defense counsel want to look into as to Mr. Clark's -- one of his prior convictions may be questionable. In that event, if it is in fact questionable, then the drug weight may become relevant. So we reserve the opportunity to litigate that issue [at sentencing].

(Nov. 17, 2008 Tr. 3-4.) At the conclusion of the plea hearing, the Court accepted Clark's plea. (Nov. 17, 2008 Tr. 12-13.)

Ultimately, Clark failed to qualify for a sentence enhancement for being a career offender. (Presentence Report

---

[3] Clark's Motion for an Extension of Time to File a Reply (ECF No. 49) will be granted and Clark's Replies (ECF Nos. 54, 55) will be deemed timely.

¶ 30.) At the sentencing hearing, Terry Jones and Investigator Swanson Younger testified for the Government. (May 13, 2009 Tr. 7-50.) Terry Jones testified that, over a two-year period (May, 13, 2009 Tr. 20), Clark sold him an ounce of cocaine or an ounce of crack cocaine on more than 154 separate occasions. (May 13, 2009 Tr. 18, 30-31.) Jones testified that the majority of his purchases were for crack. (May 13, 2009 Tr. 17.)

Clark testified that he only sold drugs to Jones on six to eight occasions between November of 2007 and May of 2008. (May 13, 2009 Tr. 54-55.)

The Court found that Clark had distributed an ounce of cocaine or crack to Jones 154 times. (May 13, 2009 Tr. 62.) The Court further found that half of that amount had been cocaine and half crack, which resulted in 2,182.95 grams of cocaine base and 2,182.95 grams of cocaine for purposes of relevant conduct. (May 13, 2009 Tr. 62-63.) This quantity of cocaine base and powder cocaine resulted in a Base Offense Level of 36. (Presentence Report ¶ 8.) Clark received a three-level reduction in his Offense Level for timely acceptance of responsibility. (May 13, 2009 Tr. 63.) Ultimately, Clark had an Offense Level of 33 and Criminal History Category of III, resulting in an advisory sentencing range of 168 to 210 months.

(May 13, 2009 Tr. 63-64.) The Court sentenced Clark to a 168-month term of imprisonment. (May 13, 2009 Tr. 67.)

Clark appealed. On January 20, 2010, the United States Court of Appeals for the Fourth Circuit dismissed Clark's appeal. United States v. Clark, No. 09-4479, at 1 (4th Cir. Jan. 20, 2010).

## II. ALLEGED PROSECUTORIAL MISCONDUCT

In Claim Three, Clark asserts that the prosecutor engaged in misconduct when, at Clark's plea hearing, she stated, "Both the defense counsel and I are of the opinion that as his record stands right now he appears to be a career offender, so the drug weight will not make a difference." (Nov. 17, 2008 Tr. 3 (emphasis added); see Mem. Supp. Mot. Amend (ECF No.47-1) 6.) A viable claim of prosecutorial misconduct requires a convicted defendant to demonstrate "that the prosecutor's remarks or conduct were improper and, second, the defendant must show that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (citing United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993)).

At the time of Clark's sentencing, section 4B1.1 of the United States Sentencing Guidelines provided that a defendant should be classified as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual (hereinafter "USSG") § 4B1.1(a) (2008). Clark clearly satisfied the first two elements. (Presentence Report ¶¶ 1-3.) Additionally, Clark had multiple prior felony drug convictions. (Id. ¶¶ 18-19, 21.) Ultimately, however, only one of these drug convictions qualified as a prior felony conviction of a controlled substance offense. (Gov't's Resp. § 2255 Mot. (ECF No. 52) 5-6.) Clark fails to demonstrate the prosecutor's expression of her belief at the plea hearing that Clark appeared to be a career offender was improper. Accordingly, Claim Three will be dismissed.

### III. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington,

5

466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

### A. Alleged Inadequate Advice With Respect To the Plea

In Claim One, Clark contends that counsel provided inadequate advice with respect to the plea negotiations with the Government. Specifically, Clark swears:

> 12. Between September and November 2008 I met with my retained counsel, Vaughan Jones, on approximately four occasions, including our initial introductory interview.
> 13. On his third visit, Mr. Vaughan Jones informed me that the Government had proposed a plea agreement and a stipulation of facts; the stipulation

6

included an agreement that the relevant conduct consisted of 500 to 1500 grams of cocaine base.

14. Counsel advised against acceptance of the plea, advising that I would be deemed a career offender under U.S.S.G. § 4B1.1 and that the stipulated drug amount would subject me to a sentencing range of 234-293 months imprisonment.

15. If I had been aware that counsel's advice was erroneous and that I would have actually been subject to a lower sentencing range, I would have accepted the plea and stipulation rather than risk an enhanced sentence by contesting the amounts at sentencing.

16. Counsel returned on or about November 17, 2008 with a revised plea agreement, without the stipulation, and advised that I accept the agreement.

(Mem. Supp. § 2255 Mot. Ex. 8 (spelling corrected).)

Clark asserts that counsel acted unreasonably in advising Clark to reject the plea agreement with the stipulation that Clark had distributed 500 to 1,500 grams of cocaine base (hereinafter "the stipulated plea"). The record indicates that, under the stipulated plea, Clark would have had a base offense level of 34, instead of the base offense level of 36 that the Court found at the sentencing hearing. USSG § 2D1.1(c)(3). Had counsel advised Clark to accept the stipulated plea, Clark's advisory guideline range, with a two-level reduction for acceptance of responsibility, would have been 121 to 151 months, instead of the 168 to 210 months that he faced at his sentencing.[4] USSG Sentencing Table.

---

[4] If Clark had qualified as a career offender, his offense level would have been determined by the statutory maximum for

7

"During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). "By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable." United States v. Grammas, 376 F.3d 433, 436-37 (5th Cir. 2004) (alterations and omission in original) (citations omitted) (internal quotation marks omitted).

The Government suggests that counsel acted within constitutional bounds in advising Clark to reject the stipulated plea. The record, however, fails to contain sufficient facts for the Court to conclude that such advice was reasonable. For example, the record fails to contain any evidence with respect

---

the offense to which he pled guilty. See USSG § 4B1.1(b). The statutory maximum for the offense to which Clark pled guilty was 40 years. 21 U.S.C. § 841(b)(1)(B)(ii). Thus, his offense level would have been 34, USSG § 4B1.1(b)(B), the same offense level applicable if Clark had entered the stipulated plea.

Clark suggests that counsel informed Clark that Clark "would be deemed a career offender under U.S.S.G. § 4B1.1 and that the stipulated drug amount would subject [Clark] to a sentencing range of 234-293 months [of] imprisonment." (Mem. Supp. § 2255 Mot. Ex. 8 ¶ 14.) The contemporaneous record of Clark's plea proceedings, however, reflects that both Clark and his counsel knew that if the Court determined Clark to be a career offender "the drug weight will not make a difference." (Nov. 17, 2008 Tr. 3.)

8

to why counsel believed Clark would likely benefit from contesting the drug amounts at sentencing. See United States v. Rivas-Lopez, 678 F.3d 353, 358-59 (5th Cir. 2012) (remanding for an evidentiary hearing where "the record [was] silent as to how counsel determined which enhancements would apply, whether counsel investigated or weighed possible objections to those enhancements, and what information counsel knew about [his client's] conduct at the plea offer stage").

Nevertheless, as explained below, Clark fails to demonstrate prejudice. The Supreme Court recently explained, in in pertinent part:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under [the pertinent] law.

Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012).[5] Such a showing requires a convicted defendant to "'present some credible, non-conclusory evidence that he would have [accepted the proffered

---

[5] Clark's Motion to Amend and Supplement (ECF No. 65), wherein he asks the Court to consider the impact of the Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012), will be granted.

9

plea] had he been properly advised.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)). Clark has not done so. The record reflects that Clark's dogged insistence that he distributed less than 500 grams of cocaine base, rather than any inaccurate advice of counsel, caused Clark to reject the stipulated plea.

The stipulated plea required Clark to acknowledge that he distributed between 500 and 1,500 grams of cocaine base. At the time of his plea, Clark admitted that "the government has evidence of relevant conduct, however[,] the parties cannot agree to the quantity of controlled substances involved." (Statement of Facts ¶ 3.) Clark acknowledges that he "clearly stated that he did not agree with the 500 to 1,500 grams of cocaine base drug weight stipulated in the government's original plea offer." (Pet'r's Reply (ECF No. 54) 2 (punctuation corrected).) Indeed, in his testimony at sentencing and throughout these § 2255 proceedings, Clark disputes that he distributed more than 500 grams of cocaine base. Clark insists that "the truth" is that "Mr. Clark had met and sold [Jones] less than 2 ounces less than ten times [resulting in] the proper

weight of less than 500 grams of cocaine." (Pet'r's Reply (ECF No. 55) 11.)

"A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Sanders, 341 F.3d at 723 (citing United States v. Stevens, 149 F.3d 747, 748 (8th Cir. 1998); Engelen, 68 F.3d at 241); see Chesney v. United States, 367 F.3d 1055, 1060 (8th Cir. 2004). In this regard, Clark did not merely stand on his right to require the Government to prove the pertinent drug amounts for establishing Clark's relevant conduct. Rather, Clark took the stand and disputed the evidence which reflected that he had distributed in excess of five hundred grams of cocaine base. Given these circumstances, the Court finds "palpably incredible" Clark's conclusory assertions that if he had received better advice from counsel he would have agreed to the stipulated plea. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)(internal quotation marks omitted) (citation omitted); see Sanders, 341 F.3d at 722-23; Jackson v. United States, 638 F. Supp. 2d 514, 581-82 (W.D.N.C. 2009) (concluding that in light of the petitioner's expressed desire

to fight the charges, he failed to demonstrate a reasonable probability that he would have accepted the plea offer during the window of opportunity to accept the plea); Goudie v. United States, 323 F. Supp. 2d 1320, 1335-36 (S.D. Fla. 2004) (rejecting petitioner's claim that he would have accepted when, at the time the plea was open, the petitioner insisted he was innocent). Accordingly, Claim One will be dismissed.

B. **Alleged Ineffective Assistance At Sentencing**

In Claim Two, Clark faults counsel for failing to call Benita Brown and Edgar Young to support his assertion that "his interactions with Terry Jones occurred for less than six months and at a frequency of no more than ten times." (Pet'r's Reply (ECF No. 55) 9.) Clark lived in Stafford County, Virginia. (May 13, 2009 Tr. 54.) Clark drove a truck for a living. (Mem. Supp. § 2255 Mot. Ex. 8 ¶¶ 2-5.) Clark asserts that he did not begin selling drugs to Jones until November of 2007 when he began parking his truck on weekends at Edgar Young's home in Mecklenburg County, Virginia. (Id. ¶¶ 6-11.) Clark contends that Young's testimony, Brown's testimony, "the driving logs, the maintenance records[,] and the employment records would have proved that Mr. Clark was not available prior to November of 2007 to Terry Jones" and that the drug weight was

12

less than 500 grams of cocaine. (Pet'r's Reply (ECF No. 55) 11.)

Essentially, Clark contends that his witnesses would have testified that Clark did not begin driving his truck into the area where Jones lived until November of 2007. Moreover, Clark asserts that, even after he began driving into the vicinity where Jones lived, there were several weeks where drug deals could not have occurred because Clark's truck was out of service. Clark argues that his limited availability in Mecklenburg County refutes Jones's testimony about the extent of their drug transactions.

No reasonable probability exists that such insubstantial evidence would have altered Clark's sentence. Jones testified that he had known Clark for fifteen years, a fact that Clark did not deny. (May 13, 2009 Tr. 12.) Neither Jones nor Clark testified that any witnesses were present for any of the drug transactions. Thus, at best, Clark's new witnesses could only address what Clark was doing when Clark was not dealing cocaine. Additionally, the witnesses and evidence fail to impeach Jones's testimony that he began purchasing cocaine and cocaine base from Clark in 2006 and that he sometimes made four or five separate, one-ounce purchases of cocaine or cocaine base from Clark.

13

Moreover, the circumstances of Clark's arrest belie Clark's suggestion that he was hardly ever around Mecklenburg County to be able to sell Jones cocaine base. The police arrested Jones on May 15, 2009. (May 13, 2009 Tr. 39-40.) That evening, under police supervision, Jones called Clark to purchase drugs. (May 13, 2009 Tr. 41-42.) By 9:28 p.m. that evening, Clark showed up in Jones's hotel room to deliver cocaine to Jones. (May 13, 2009 Tr. 44.)

In light of the foregoing circumstances, no reasonable probability exists that Clark's nebulous exculpatory evidence would have altered the Court's conclusion with respect to the drug amounts attributed to Clark for sentencing purposes. See United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004). Accordingly, Claim Three will be dismissed.

## IV. CONCLUSION

Clark's Motions to Amend the § 2255 Motion (ECF Nos. 46, 47, 65) will be granted. Clark's Motion to Stay Proceeding pending the resolution of the Virginia State Bar proceedings against his trial counsel, Vaughan Christopher Jones, (ECF No. 45) will be denied. The action will be dismissed.

A certificate of appealability will be denied. An appeal may not be taken from the final order in a § 2255 proceeding

unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Clark fails to satisfy this standard.

The Clerk is directed to send a copy of the Memorandum Opinion to Clark and counsel for the Government.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 26, 2013
Richmond, Virginia